# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FORERO-ARIAS,<br><br>                                Petitioner,<br>   vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, et al.,<br><br>                              Respondents. | CASE NO. 07CV1374 WQH (WMC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |

HAYES, Judge:

Pending before the Court is Petitioner Jose Forero-Arias' motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). (Doc. # 2). Petitioner alleges that his continued and indefinite detention is unlawful because it violates his right to due process. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *Nadarajah v. Gonzalez*, 443 F.3d 1069 (9th Cir. 2006).

## MOTION FOR APPOINTMENT OF COUNSEL

18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." "The purpose of section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to a denial of due process." *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12 (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an

evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990). In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-2981 PHX DGC (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

### A. Financial Eligibility

The Court has reviewed Petitioner's prison trust account and the declaration of Janet Tung, and concludes that Petitioner is financially eligible for appointment of counsel. Petitioner has a prison trust account balance of zero dollars and he cannot afford to pay counsel with outside funds. *See* Declaration of Janet Tung, ¶ 17; Petition for Writ of Habeas Corpus at Appendix A.

### B. Likelihood of Success on the Merits

Respondents have detained Petitioner since February 9, 2005, while Petitioner appeals from an Administrative Law Judge's order authorizing Petitioner's deportation. The Court of Appeals for the Ninth Circuit has stayed Petitioner's deportation pending appeal.

After reviewing Forero-Arias' Petition for Writ of Habeas Corpus, Petitioner has shown sufficient likelihood of success on the merits to warrant appointment of counsel.

### C. Complexity of Legal Issues

The complexity of immigration and habeas law highlights the potential benefits of appointed counsel in these proceedings. Indeed, the Court of Appeal for the Ninth Circuit has declared that "[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the Internal Revenue Code in complexity." *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002). Furthermore, assuming the Court grants the Petition for Writ of Habeas Corpus, there will be a period of supervised release which would involve 8 U.S.C. § 1226's complex statutory scheme. The Court concludes that the issues presented are sufficiently complex to warrant appointment of counsel, particularly in light of the fact that Petitioner has had no formal legal education or training in the United States. Declaration of Janet Tung, ¶ 16.

1  After reviewing the Petition for Writ of Habeas Corpus and the accompanying declaration, the
2  Court concludes that appointment of counsel is warranted at this time. The motion for appointment
3  of counsel (Docs. # 2) is GRANTED. The Court appoints Federal Defenders, Inc. as Petitioner's
4  counsel in this case.

**IT IS SO ORDERED**.

DATED: August 14, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge