# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FORERO-ARIAS, | CASE NO. 07CV1374 WQH (WMc) |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART |
| vs. | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; ALBERTO GONZALES, United States Attorney General; ROBIN F. BAKER, Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; GABRIELA PACHECO, Officer-in-Charge; | |
| Respondents. | |

HAYES, Judge:

Pending before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Jose Forero-Arias. (Doc. # 1). The Court finds this matter suitable for submission on the papers and without oral argument. *See* Civil Local Rule 7.1(d)(1).

## PROCEDURAL BACKGROUND

On July 26, 2007, Petitioner Jose Forero-Arias filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, accompanied by a motion for appointment of counsel. (Docs. # 1-2). On July 31, 2007, this Court ordered Respondents to show cause as to why the Petition should not be granted. (Doc. # 3). On August 14, 2007, the Court granted Petitioner's motion to appoint counsel. (Doc. # 7). On August 31, 2007, Respondents filed a Return. (Doc. # 9). On October 1, 2007, Petitioner filed a traverse. (Doc. # 10).

On January 8, 2008, this Court ordered the parties to file supplemental briefs regarding the status of this case in light of this Court's order in *Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401 (S.D. Cal. Sept. 26, 2007).  (Doc. # 11).  On January 18, 2008, both Petitioner and Respondents filed supplemental briefs.  (Docs. # 12-13).

## FACTUAL BACKGROUND

Born in Columbia on November 27, 1953, Petitioner Jose Forero-Arias entered the United States as a lawful permanent resident on or about September 1, 1968.  Petition for Writ of Habeas Corpus (Petition) (Doc. # 1) at 2; Return (Doc. # 9), Exs. A-B.  On June 4, 1996, the State of California convicted Petitioner of fraudulent use of an access card in violation of California Penal Code § 484(g), and sentenced Petitioner to two years and eight months in prison.  Return, Ex. C.  On April 22, 1999, the State of California convicted Petitioner of petty theft with a prior jail term in violation of CAL. PEN. CODE § 666, and again sentenced Petitioner to two years and eight months in prison.  Return, Ex. C.  On December 17, 2001, the State of California convicted Petitioner of grand theft of personal property in violation of CAL. PEN. CODE § 487(a), and sentenced Petitioner to sixteen months in prison.  Return, Ex. A.  Petitioner was scheduled for release from state custody on February 9, 2005, following his conviction for grand theft.  Return, Ex. A.

On January 18, 2005, Respondents initiated removal proceedings against Petitioner pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for the removal of an alien convicted of an aggravated felony.  Return, Ex. B.  On January 24, 2005, Respondents issued a notice of custody determination, and determined that Petitioner would be taken into federal custody upon his release from state custody.  Return, Ex. D.  On February 9, 2005, Petitioner entered Respondents' custody pursuant to 8 U.S.C. § 1226(c), which requires the Attorney General to detain aliens deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  Petition at 2; Return at 1-2, Ex. D.

On June 21, 2006, an Immigration Judge (IJ) denied Petitioner's request for withholding of removal and application for relief under the Convention Against Torture, and ordered Petitioner removed to Columbia.  Return, Ex. J.  Petitioner argued unsuccessfully to the IJ that his state crimes were not "aggravated felonies" under 8 U.S.C. § 1101(43)(G), and that his status as a government drug informant and member of other social groups required relief under the Convention Against Torture.

1   Return, Ex. J.  On November 1, 2006, the Bureau of Immigration Appeals (BIA) affirmed the order

2   of the IJ.  Return, Ex. K.

3          On November 28, 2006, Petitioner filed a Petition for Review of the BIA decision in the Court

4   of Appeals for the Ninth Circuit, accompanied by a motion to stay deportation.  Petition at 3; Return,

5   Ex. L (Docket, Court of Appeals for the Ninth Circuit Case No. 06-75476).  On March 7, 2007, the

6   Court of Appeals granted Petitioner's motion to stay deportation because Respondents did not timely

7   oppose or otherwise respond to the motion.  Return, Ex. L; *see also* General Order of the Court of

8   Appeals for the Ninth Circuit 6.4(c).  The Court of Appeals' order staying Petitioner's deportation

9   remains in effect today.  Return, Ex. L.  Both Petitioner and Respondents have sought extensions of

10  time in the Court of Appeals.  (Doc. # 13 at Ex. D).

11         On July 26, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus pursuant to

12  28 U.S.C. § 2241.  (Doc. # 1).  As of the date of the Petition, Petitioner had been in Respondents'

13  custody for twenty-nine-and-a-half months.  Petition at 3.

14         Petitioner has not received a bail hearing before an IJ since he entered Respondents' custody

15  on February 9, 2005.

16                                   **DISCUSSION**

17         Petitioner contends that he should be released pending resolution of his Petition for Review

18  in the Court of Appeals for the Ninth Circuit.  Petitioner contends that his continued detention under

19  the general detention statutes violates the United States Constitution as articulated in *Zadvydas v.

20  Davis*, 533 U.S. 678 (2001), *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), and *Nadarajah v.

21  Gonzales*, 433 F.3d 1069 (9th Cir. 2006).  Petitioner contends that there is no significant likelihood

22  that he will be removed in the reasonably foreseeable future, and that his pending Petition for Review

23  in the Court of Appeals presents substantial questions with respect to his right to stay in the United

24  States. Petitioner contends that his Petition presents facts identical to those presented by the petitioner

25  in *Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401 (S.D. Cal.

26  Sept. 26, 2007), and that the outcome in *Mustanich* should control here.  Petitioner contends that the

27  sheer length of his detention–over three years as of the date of this Order–violates his right to Due

28  Process.

Respondents contend that Petitioner is being discretionarily detained pursuant to either 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a), and that the limitations on detention described in *Tijani* and *Nadarajah* do not apply to discretionary detention under either statute.  Respondents further contend that the delay in removing Petitioner is due to Petitioner's Petition for Review in the Court of Appeals, and that no delay is attributable to Respondents.  Respondents contend that Petitioner's release is reasonably foreseeable and that the length of Petitioner's detention does not violate due process.  Respondents contend that this Court's order in *Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401 (S.D. Cal. Sept. 26, 2007), is distinguishable on the grounds that Respondents have not delayed in these proceedings and Petitioner's detention is voluntary.

## I.  Jurisdiction

Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the Attorney General's authority" to detain a removable alien under the general detention statutes. *Zadvydas v. Davis*, 533 U.S. 678, 687-89 (2001); *see also Denmore v. Kim*, 538 U.S. 510, 516-17 (2003).  Where an administrative order of removal is not final, "habeas corpus jurisdiction remains in the district court . . . ." *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); *see also* 8 U.S.C. § 1231(a)(1).

## II.  Respondents' Authority to Detain Petitioner

Respondents contend that Petitioner is currently being detained by the Department of Homeland Security (DHS) pursuant to DHS's discretionary authority under either 8 U.S.C. § 1226(a)(1) or 8 U.S.C. §1231(a).[1] Return at 2-5; Respondents' Supplemental Brief (Doc. # 12) at 10-11.  Respondents explain that DHS detained and charged Petitioner in February of 2005 as a criminal alien subject to deportation for commission of an aggravated felony, and that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) between February 9, 2005, the original date of detention, and November 1, 2006, the date that the BIA affirmed the IJ's order of removal.

---

[1] Respondents' claim of discretionary detention has changed during these proceedings.  In its Return, Respondents argued that Petitioner was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a).  Return at 2.  However, in its supplemental brief (Doc. # 12), Respondents argued that Petitioner was being discretionarily detained pursuant to either 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a), but noted in a footnote that "[i]t is the Attorney General's position that DHS's discretionary detention authority during such interim period is based on 8 U.S.C. §§ 1231(a) and 1252(b)(8)." Respondents' Supplemental Brief (Doc. # 12) at 10-11.

1   Respondents contend that the statutory authority to detain Petitioner changed administratively from

2   8 U.S.C. § 1226(c) to 8 U.S.C. § 1226(a) or to 8 U.S.C. § 1231(a) when Petitioner appealed the

3   decision of the BIA to the Court of Appeals for the Ninth Circuit.  Return at 3 ("Detention authority

4   changes administratively when the removal order becomes administratively final.").  Respondents

5   contend that an alien cannot be detained pursuant to 8 U.S.C. § 1226(c) during the time that the alien's

6   appeal from an order of removal is pending in the Court of Appeals.

7        Respondents acknowledge that this Court has previously rejected the argument that an alien

8   cannot be mandatorily detained pursuant to 8 U.S.C. § 1226(c) after the alien files a Petition for

9   Review in a Circuit Court of Appeal.  Respondents' Supplemental Brief (Doc. # 12) at 9; *see also*

10  *Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401, *9-17 (S.D.

11  Cal. Sept. 26, 2007).  Respondents, however, urge this Court to reconsider the argument, contending

12  that there can be no mandatory detention of an alien after the alien appeals a decision of the BIA to

13  the Court of Appeals.  In the absence of mandatory detention, Respondents contend that there is only

14  discretionary detention pursuant to either 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a).

15       As stated in *Mustanich*, "nothing in the text of 8 U.S.C. § 1226(c) limits mandatory detention

16  to administrative removal proceedings as opposed to judicial removal proceedings, and no part of 8

17  U.S.C. § 1226 distinguishes between administrative and judicial review of an IJ's order of removal."

18  *Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401, *13 (S.D.

19  Cal. Sept. 26, 2007).  Pursuant to 8 U.S.C. § 1252(a)(5), an alien may appeal an order of removal

20  affirmed by the BIA to the appropriate Circuit Court of Appeal, and there is no authority which

21  supports the proposition that "removal proceedings," as used in 8 CFR § 236.1, should be deemed

22  "concluded" when an alien pursues that relief.  (Doc. # 12 at 10).  Indeed, where, as here, the Circuit

23  Court of Appeals issues a stay of deportation, the alien cannot be removed until the Court of Appeals

24  issues an order affirming the administrative order of removal or otherwise lifts the stay; in cases like

25  the one before the Court, removal proceedings remain pending while the Circuit Court of Appeals

26  reviews the order of the BIA.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii).

27       Respondents correctly read 8 U.S.C. § 1226(c) and 8 U.S.C. § 1231(a) as requiring mandatory

28  detention for aliens convicted of aggravated felonies during administrative removal proceedings and

after an order of the Circuit Court of Appeals affirms an administrative removal order from the BIA. However, Respondents contend that during the period between the conclusion of administrative removal proceedings (i.e.–after the BIA issues an order affirming the IJ's order of removal) and the conclusion of judicial review (i.e.–before the Circuit Court of Appeal issues an order affirming or denying the order of the BIA), detention is not mandatory, but switches to discretionary detention pursuant to either 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a). In other words, in Respondents' view, an alien which the Congress determined had to be mandatorily detained before and after judicial review of an administrative removal order, becomes subject to discretionary detention by seeking a remedy–judicial review–to which every alien is entitled. The Court concludes that this reading ignores the plain language of the statutes, inserts ambiguity into the statutory scheme, and ignores the purposes behind mandatory detention set forth in *Denmore v. Kim*, 538 U.S. 510, 528 (2003). *See Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401, *13-14 (S.D. Cal. Sept. 26, 2007).

The Court further finds that there is no statutory or binding judicial authority which supports Respondents' position. Respondents cite two cases in support of their argument that DHS cannot mandatorily detain an alien pursuant to 8 U.S.C. § 1226(c) during judicial review, however, in neither case was the question of mandatory versus discretionary detention an issue before the court. *Arteaga v. Gonzales*, Case No. 07CV1626 BEN CAB (Doc. # 17 at 2-3, 5) (S.D. Cal. Nov. 13, 2007); *Chatelain v. Clark*, Case No. C07-0489-MJB, 2007 U.S. Dist. LEXIS 77206, *3-10 (W.D. Wash. Sept. 12, 2007).[2] Other cases cited by Respondents are clearly distinguishable on the grounds that in each, either (a) the petitioner did not appeal to the BIA or the Circuit Court of Appeals, or (b) the Circuit Court of Appeals dismissed the appeal. *De La Teja v. U.S.*, 321 F.3d 1357 (11th Cir. 2003); *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002); *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359 (N.D. Ga. 2002). In these latter cases, detention was required by 8 U.S.C. § 1231(a), because it was undisputed that removal proceedings had ended and the order of removal was final. *See* 8 CFR § 236.1(c).

---

[2] Respondents also cite *Middleton v. Clark*, 2007 U.S. Dist. LEXIS 24852, *1-2, 5-6 (W.D. Wash. Apr. 2, 2007) in support. However, it is not clear whether the petitioner in *Middleton* was ever subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1) for commission of an aggravated felony or some other similar crime.

07CV1374 WQH (WMc)

As noted in *Mustanich*, "courts view the continued detention of an alien after the alien has sought judicial review of an order of removal to remain statutorily authorized by the subpart of 8 U.S.C. § 1226 that authorized the detention before judicial review." *See Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401, *13-14 (S.D. Cal. Sept. 26, 2007) (citing *Madrane v. Hogan*, 05CV2228, 2007 U.S. Dist. LEXIS 7970, *4-6, 8 (M.D. Pa. Feb. 5, 2007) and other cases); *see also Hang Nam Yoon v. Crawford*, 2008 U.S. Dist. LEXIS 218 (D. Ariz. Jan. 2, 2008); *Raghunath v. Crawford*, No. CV-07-0282-PHX-FJM, 2007 U.S. Dist. LEXIS 92325, *3-11 (D. Ariz. Dec. 3, 2007); *Garcia-Garcia v. Chertoff*, Case No. 07-CV-01057 OWW SMS HC, 2007 U.S. Dist. LEXIS 88602, *5-9 (E.D. Cal. Dec. 3, 2007). Accordingly, where an alien is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) before judicial review, the alien remains subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) during judicial review.

The Court concludes that Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(c)(1)(B) until the Court of Appeals for the Ninth Circuit rules on Petitioner's pending Petition for Review and/or lifts the stay of deportation. *See Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401, *16-17 (S.D. Cal. Sept. 26, 2007).

**II. Whether 8 U.S.C. § 1226(c) Authorizes Petitioner's Continued Detention For Over Three Years**

**A. Background**

In 2003, the United States Supreme Court held that mandatory detention of an alien pursuant to 8 U.S.C. § 1226(c) was a "constitutionally permissible" part of the removal process for the "limited period" necessary to complete removal proceedings. *Denmore v. Kim*, 538 U.S. at 526, 531. The Court distinguished *Zadvydas v. Davis*, a case in which the Supreme Court held that an alien subject to a final order of removal could not be indefinitely detained pursuant to 8 U.S.C. § 1231, on the grounds that (1) an alien detained for the limited period necessary to effect removal pursuant to 8 U.S.C. § 1226(c) was not detained indefinitely, and (2) mandatory detention pursuant to 8 U.S.C. § 1226(c) was generally of a much shorter duration than "post-removal-period detention" pursuant to 8 U.S.C. § 1231–"in the majority of cases [mandatory detention pursuant to 8 U.S.C. § 1226(c)] lasts for less than the 90 days we considered presumptively valid in *Zadvydas*." *Denmore*, 538 U.S. at 527-31. With respect to detention pursuant to 8 U.S.C. § 1226(c), the Supreme Court cited statistics from

the Executive Office for Immigration Review and noted that "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." *Denmore*, 538 U.S. at 530. Though the *Denmore* Court characterized constitutional detention pursuant to 8 U.S.C. § 1226(c) as "limited" and "brief," it did not explicitly limit the length of mandatory detention pursuant to 8 U.S.C. § 1226(c), and did not articulate a presumptively reasonable length of detention pursuant to 8 U.S.C. § 1226(c) as it did in *Zadvydas* for detention pursuant to 8 U.S.C. § 1231.[3] *Denmore*, 538 U.S. at 526, 531; *see also Madrane v. Hogan*, No. 1:05-CV-2228, 2007 U.S. Dist. LEXIS 7970, *9 (M.D. Pa. Feb. 7, 2007) (detailing *Denmore's* references to "brief" and "limited" detention pursuant to 8 U.S.C. § 1226(c)).

Three years after *Denmore*, the Court of Appeals for the Ninth Circuit addressed a habeas petition filed by an alien who had been mandatorily detained pursuant to 8 U.S.C. § 1226(c) for "two years and four months." *Tijani v. Willis*, 430 F.3d at 1242. Distinguishing *Denmore* on the grounds that the alien in *Denmore* conceded removability, the Court of Appeals concluded that 8 U.S.C. § 1226(c) applied to "expedited" removal proceedings, and remanded the petition to district court with instructions to grant the writ unless the Attorney General established that the alien was a flight risk or a danger to the community in a bail hearing before an IJ. *Tijani*, 430 F.3d at 1242. The Court of Appeals concluded that "two years and four months of process is not expeditious," and specifically referenced the "year or more" of time necessary for judicial review. *Tijani*, 430 F.3d at 1242. The Court of Appeals further stated that "it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." *Tijani*, 430 F.3d at 1242; *see also Zadvydas*, 533 U.S. at 690.

Less than a year after *Tijani*, the Court of Appeals for the Ninth Circuit again addressed the scope of detention pursuant to general immigration statutes in *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006). Rejecting the government's contention that *Denmore v. Kim* authorized indefinite detention, the Court of Appeals held that, "general immigration detention statutes do not authorize the

---

[3] In *Zadvydas*, the United States Supreme Court held that a detention of six months or less pursuant to 8 U.S.C. § 1231 is presumptively reasonable. *Zadvydas*, 533 U.S. at 700-01.

1  Attorney General to incarcerate detainees for an indefinite period." *Nadarajah*, 443 F.3d at 1076,

2  1078, 1080-81.  The Court further held that detention pursuant to general detention statutes must be

3  > for a reasonable period, and only if there is a significant likelihood of removal in the
> reasonably foreseeable future.  After a presumptively reasonable six-month detention,
4  > once the alien provides good reason to believe that there is no significant likelihood
> of removal in the reasonably foreseeable future, the Government must respond with
5  > evidence sufficient to rebut that showing.

6  *Id.* at 1079.  The *Nadarajah* Court held that a detention of nearly five years is "plainly unreasonable

7  under any measure."  *Id.* at 1080.

8  **B. The Parties' Arguments**

9  Citing *Zadvydas*, *Tijani*, and *Nadarajah*, Petitioner contends that his continued detention

10  without a bail hearing is indefinite and unreasonable, and that the sheer length of his detention violates

11  due process.  Respondents contend that Petitioner's detention is not indefinite, and note that the

12  majority of Petitioner's detention is attributable to Petitioner's filing of a Petition for Review in the

13  Court of Appeals for the Ninth Circuit.  Respondents contend that Petitioner is being voluntarily

14  detained, and that time which accrues during judicial review is not attributable to the government.

15  **C. Analysis**

16  In light of *Tijani's* holding that 8 U.S.C. § 1226(c) authorizes only "expedited" removal

17  proceedings, and *Nadarajah's* holding that detention pursuant to general immigration statutes must

18  be "reasonable" in the first instance, the Court must determine whether Petitioner Jose Forero-Arias'

19  removal proceedings have been "expeditious," and whether his continued detention without a bail

20  hearing is "reasonable."  *Tijani*, 430 F.3d at 1242; *Nadarajah*, 433 F.3d at 1079-80.  In *Denmore*, the

21  United States Supreme Court held that a six month detention was authorized by 8 U.S.C. § 1226(c),

22  and thus, at minimum, six months must be considered reasonable and expeditious.  *Denmore*, 538 U.S.

23  at 530-01.  In *Tijani*, the Court of Appeals held that a removal proceeding of two years and four

24  months was not "expeditious," and ordered a bail hearing.  *Tijani*, 430 F.3d at 1242.  Of the two years

25  and four months at issue in *Tijani*, at least a year accrued while the petitioner's order of removal was

26  before the Ninth Circuit.  *Id.*  In *Nadarajah*, the Court of Appeals held that a five year detention was

27  "plainly unreasonable by any measure."  *Nadarajah*, 443 F.3d at 1080.  In *Mustanich*, this Court held

28  that a more than four-year detention was neither expeditious nor reasonable.  *Mustanich v. Gonzales*,

1    Case No. 07CV1100 WQH (LSP), 2007 U.S. Dist. LEXIS 71401, *23-31 (S.D. Cal. Sept. 26, 2007).

2    Respondents have detained Petitioner for three-years pursuant to 8 U.S.C. § 1226(c). Sixteen

3 months accrued during proceedings before the IJ, five months during proceedings before the BIA, and

4 approximately fourteen months during proceedings before the Court of Appeals for the Ninth Circuit.

5    The Court concludes that Petitioner's three-year detention without a bail hearing is neither

6 expeditious nor reasonable. *See Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007 U.S.

7 Dist. LEXIS 71401, *23-31 (S.D. Cal. Sept. 26, 2007) (citing a number of cases finding prolonged

8 detention unreasonable); *see also Zhang v. Gonzales*, No. CV 06-0892-PHX-ROS, 2007 U.S. Dist.

9 LEXIS 74839 (D. Ariz. Oct. 5, 2007); *Castro v. Crawford*, No. CV 06-1522-PHX-ROS, 2007 U.S.

10 Dist. LEXIS 75471 (D. Ariz. Oct. 5, 2007); *Hang Nam Yoon v. Crawford*, No. CV-06-3068-PHX-

11 SMM, 2008 U.S. Dist. LEXIS 218 (D. Ariz. Jan. 2, 2008). Petitioner's removal proceedings have

12 been lengthy by any measure, and Petitioner has non-frivolous claims before the Court of Appeals

13 which may entitle him to, at the very least, re-open removal proceedings. By not opposing Petitioner's

14 request for a stay of deportation in the Court of Appeals,[4] Respondents conceded that either Petitioner

15 is likely to succeed on the merits of his Petition for Review, or that there are serious legal questions

16 and that the balance of hardships tips sharply in Petitioner's favor. Return, Ex. L; (Doc. # 13 at Ex.

17 D); *see Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998) (noting that in order to be entitled to a stay

18 in the Court of Appeals, a petitioner must show a likelihood of success on the merits and irreparable

19 injury or that serious legal questions are raised and that the balance of hardships tips in Petitioner's

20 favor); *see also Rivera v. Mukasey*, 508 F.3d 1271, 1277-78 (9th Cir. 2007) (noting that when

21 Respondents do not oppose a motion to stay in the Ninth Circuit, the stay is granted as a matter of

22 course); *Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 856 (9th Cir. 2004).[5] This Court will not ignore

23    ———————————

24    [4] Respondents did not file an opposition to Petitioner's motion to stay. Return, Ex. L; (Doc. # 13 at Ex. D). Pursuant to Court of Appeals for the Ninth Circuit General Order 6.4(c), "[i]f the

25 respondent does not file a response to the stay motion within the time limits set forth in subsection (3), the absence of a timely response will be treated as a notice of non-opposition" and the stay "shall

26 continue in effect during the pendency of the petition for review or until further order of the court." *See also Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 856 (9th Cir. 2004).

27    [5] *See Mariscal-Sandoval*, 370 F.3d at 859-60 (Beezer, J., concurring) (noting that the

28 government's practice of not opposing stays, "whether the result of administrative burdens or otherwise," most often results in stays being granted "by staff attorneys without meaningful scrutiny" by members of the Court of Appeals. Respondents' decision to not oppose Petitioner's motion to stay

1  periods of detention which accrue pending judicial review of an order of the BIA, and cannot conclude

2  that Petitioner's detention is voluntary. *Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP),

3  2007 U.S. Dist. LEXIS 71401, *25-28 (S.D. Cal. Sept. 26, 2007).

4  As the Supreme Court noted in *Zadvydas*, when determining the reasonableness of an alien's

5  detention, a court should consider that "as the period of . . . confinement grows, what counts as the

6  'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. Here,

7  Respondents have detained Petitioner for three years. "As noted in *Tijani*, it is 'constitutionally

8  doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident

9  aliens who are subject to removal.'" *Mustanich v. Gonzales*, Case No. 07CV1100 WQH (LSP), 2007

10  U.S. Dist. LEXIS 71401, *31 (S.D. Cal. Sept. 26, 2007) (citing *Tijani*, 430 F.3d at 1242).

11  **III. Bail Hearing**

12  Petitioner contends that his unreasonable detention entitles him to release. However,

13  consistent with *Tijani*, the government should be given the opportunity to establish that Petitioner is

14  a flight risk or a danger to the community in a bail hearing before an IJ. *Tijani*, 430 F.3d at 1242; *see*

15  *also Singh v. Crawford*, No. CV 06-2194-PHX-MHM (GEE), 2007 U.S. Dist. LEXIS 57249 (D. Ariz.

16  Aug. 3, 2007) (requiring bail hearing before release); *Martinez-Herrera v. Crawford*, No. CIV 07-

17  0267-PHX-NVW (DKD), 2007 U.S. Dist. LEXIS 53334, *6-7 (D. Ariz. Jun. 20, 2007) (same);

18  *Abeogba v. ICE*, No. CV 05-2247-PHX-MHM (LOA), 2006 U.S. Dist. LEXIS 51319 (D. Ariz. July

19  18, 2006) (same); *Zhang v. Gonzales*, No. CV 06-0892-PHX-ROS, 2007 U.S. Dist. LEXIS 74839 (D.

20  Ariz. Oct. 5, 2007); *Castro v. Crawford*, No. CV 06-1522-PHX-ROS, 2007 U.S. Dist. LEXIS 75471

21  (D. Ariz. Oct. 5, 2007).

22  /

23  /

24  /

25  /

26  /

27

28  automatically resulted in the motion being granted. *See* General Order of the Court of Appeals for the Ninth Circuit 6.4(c).

**CONCLUSION**

The Court concludes that Petitioner's removal proceedings have not been "expeditious," and that his continued detention without a bail hearing is unreasonable.  Accordingly, Petitioner's Petition for Writ of Habeas Corpus is hereby granted in part and denied in part.

**IT IS HEREBY ORDERED** that:

(1)    Petitioner's request for release is **DENIED**.

(2)    Petitioner's request for a bail hearing before an IJ is **GRANTED**.

(3)    Respondents shall provide Petitioner with a bail hearing before an IJ within 10 days of this Order.

(4)    The Clerk of the Court is Ordered to enter judgment and close this case.

**IT IS SO ORDERED**.

DATED:  February 21, 2008

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge